HELEN GORDON, executrix, *vs.* CHARLESTOWN SAVINGS BANK. May 24, 1982. The controversy here centers on the defendant bank's refusal to honor a written request presented to it by the attorney for the plaintiff's testator, one Harry H. Doukakis (Doukakis). This request was made on a bank withdrawal form of the defendant. The form was signed by Doukakis, and sought withdrawal of all his funds then on deposit at the defendant bank in an account he held jointly with his sister. An agent of the defendant bank refused to release the funds on deposit to the testator's attorney because the attorney did not present the proper withdrawal form. Doukakis died before he could execute another withdrawal form.

The judge found that the "defendant bank had one withdrawal form when a depositor was withdrawing from his own account, and another withdrawal form when a third party, not the depositor, was withdrawing funds from an account." He then ruled that "[i]t was neither a breach of contract nor negligent of the bank to require different withdrawal forms

for depositors and third parties wishing to withdraw from a depositor's account." The judge did not err.

General Laws c. 168, § 2, as appearing in St. 1955, c. 432, § 1, states that "[a] savings bank shall have all the powers and privileges specified in this chapter and may exercise such *implied powers* as shall be necessary to give effect to the powers expressly conferred" (emphasis supplied). It is quite apparent to us that "G. L. c. 168, § 26, leaves the establishment of methods of withdrawal to the individual banks." *Consumer Sav. Bank* v. *Commissioner of Banks*, 361 Mass. 717, 719 (1972).

There is no claim that the bank misled the testator's attorney. We thus conclude that the use of different forms and the other formalities complained about here were reasonable and can be readily justified as protective of depositors' interests.

*Judgment affirmed.*

The case was submitted on briefs.
*Gregory C. Demakis* for the plaintiff.
*Desmond E. Sullivan* for the defendant.